Edward Gregory (CSBN 128375)
Jennifer Morrow (CSBN 185964)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile:  (213) 439-9599
egregory@steptoe.com
jmorrow@steptoe.com

Attorneys for Defendants Board of
Administration of California Public
Employees' Retirement System (CalPERS)
and Anne Stausboll (Stausboll)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DRAGOVICH, MICHAEL GAITLEY, ELIZABETH LITTERAL, PATRICIA FITZSIMMONS, CAROLYN LIGHT, and CHERYL LIGHT, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, TIMOTHY GEITHNER, in his official capacity as Secretary of the Treasury, United States Department of the Treasury, INTERNAL REVENUE SERVICE, DOUGLAS SHULMAN, in his official capacity as Commissioner of the Internal Revenue Service, BOARD OF ADMINISTRATION OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, and ANNE STAUSBOLL, in her official capacity as Chief Executive Officer, CalPERS,<br><br>Defendants. | CASE NO.  4:10-CV-01564-CW<br><br>*Assigned to the Hon. Claudia Wilken*<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

This stipulation is entered into by and between the parties, plaintiffs Michael Dragovich, *et al.* (Plaintiffs), state defendants the Board of Administration of California Public Employees' Retirement System (CalPERS) and Anne Stausboll (Stausboll), and federal defendants United States Department of the Treasury, Timothy Geithner, Internal Revenue Service, United States Department of the Treasury and Douglas Shulman (collectively the Federal Defendants), through their respective counsel.

Upon entry by the Court, this stipulated Protective Order (this Order) shall govern the use and disclosure of all information designated "Private/Sensitive" or "Confidential" by or on behalf of any party during this litigation, including information so designated that has been furnished by or obtained through third parties.

1. "Private/Sensitive" Designation. Information or materials designated "Private/Sensitive" include, but are not limited to, documents and any other materials containing or reflecting trade secrets; proprietary or confidential business information and other sensitive, non-public information; financial information; and state and federal tax-related materials. Information or materials designated "Private/Sensitive" also include, but are not limited to, any information or other materials that relate to any individual, including, but not limited to, any individual who is, has been or might become a participant in or beneficiary under any public employee benefit plan, program or system offered or administered by CalPERS and that are protected by the Health Insurance Portability and Accountability Act ("HIPAA"), California Government Code § 20230, or other federal or state privacy laws.

2. "Confidential" Designation. Information designated "Confidential" shall be Protected Information the designating party believes, in good faith, will satisfy the requirements for sealing under Northern District of California Civil Local Rule 79-5.

3. <u>Protected Information</u>. Protected Information includes all information and materials designated either "Private/Sensitive" or "Confidential." Entry of this Order shall not obligate a party to produce Protected Information or other materials. The parties retain all rights to object to discovery, take discovery and move the Court for additional protective orders or other discovery orders, but shall make a good faith attempt to informally resolve all discovery disputes before resorting to motion practice.

4. <u>Designation by the Parties</u>. This Order applies only to information and materials a party designates "Private/Sensitive" or "Confidential". Designation shall be made by marking documents or materials "Private/Sensitive" or "Confidential," by notifying all counsel in writing, or by agreement of counsel at depositions. Portions of testimony and exhibits may be designated "Private/Sensitive" or "Confidential," on the record at depositions or hearings or promptly after receipt of a transcript thereof by the designating party.

5. <u>Previously Produced or Filed Materials</u>. Within ten days after entry of this Order, any party may, but is not required to, notify the other parties in writing that any materials produced or filed before entry of this Order are designated "Private/Sensitive" or "Confidential."

6. <u>Use of and Access to Information</u>. Except upon further order of the Court or by express written consent of counsel of record, Protected Information shall be used solely for purposes of prosecuting or defending this action and shall not be disclosed to any persons other than:

 (a) the attorneys for the parties who have entered an appearance in this proceeding and to other attorneys, paralegals, law clerks and clerical staff working with those attorneys;

 (b) the parties to this action and the parties' employees, agents or representatives, to the extent necessary to defend or prosecute this action;

 (c) designated expert witnesses or consultants retained or employed by any party for the

1  purposes of this action provided that said expert witnesses or consultants have
2  executed a certificate of confidentiality which reads as follows: "I certify my
3  understanding that materials containing Protected Information are provided to me
4  subject to the terms and restrictions of the Court's Order of  [Insert Date], 2010, in
5  this action. I have been given a copy and have read that Order. I have had its
6  meaning and effect explained to me by counsel for one of the parties to this action. I
7  understand I am bound by the Order and shall not disclose these materials, and any
8  copies, notes or other memoranda regarding information in such materials to others,
9  except in accordance with the Order, and shall use them only for purposes of this
10 proceeding";

11 (d)  any court reporter or typist recording or transcribing testimony in this action; and
12 (e)  other persons who may be specifically designated by consent of all attorneys of
13      record in this action or pursuant to an order of the Court.

14 Materials and information designated "Private/Sensitive" may be used in discovery,
15 Court filings, and trial proceedings in accordance with the rules of evidence. Materials
16 designated "Confidential" shall not be filed with the Court or referred to in Court or other
17 proceedings without first seeking a sealing order under the procedures set out in Local Rule 79-5.
18 The designating party shall follow the procedures set out in Local Rule 79-5(a) and any non-
19 designating party with Local Rule 79-5(d). Should the Court decline to issue a sealing order as
20 to particular materials or information designated "Confidential," they shall be deemed to have
21 been designated "Private/Sensitive."

22

23 7. Record of Disclosure. Where Protected Information is provided to an expert, counsel
24 for the party making such disclosure to the expert shall maintain a record showing the name of
25 the expert, the date the information was provided, a detailed description of the information
26 provided, and a statement of the purpose for which the information is provided.

27
28 / / /

4

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

LA-194926 V.2

8. <u>Safeguarding Confidential Information</u>.  The parties shall maintain all Protected Information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

9. <u>Sealed Records</u>.  For avoidance of doubt, nothing in this Order requires the sealing of records containing Protected Information.  Sealing of records, proposed sealing of records and filing of documents designated "Private/Sensitive" or "Confidential" shall be governed by Local Rule 79-5.

10. <u>No Publicity as to "Private/Sensitive" Materials Presented to the Court or at Trial</u>. Presenting materials designated "Private/Sensitive" to the Court or trier of fact – whether by filing or lodging records, marking or moving for the admission of exhibits, questioning witnesses or any other means – shall not relieve the parties or others bound by this Order from the obligation to keep disclosure to a minimum.  This obligation includes, but is not limited to, the obligation to refrain from publicizing such materials that have been presented to the Court, introduced for admission or admitted into evidence, as well as to refrain from publicizing the fact of such filing, introduction or admission.

11. <u>Final Disposition</u>.  At the conclusion of this action, including any appeals, all Protected Information furnished under the terms of this Stipulation and Order, all materials reflecting Protected Information, and all copies thereof, that are not in the custody of the Court, shall be returned to the party that furnished such Protected Information or shall be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof. Notwithstanding the foregoing, counsel for the parties may retain attorney work product materials.

12. <u>Preexisting rights</u>.  Producing Protected Information subject to this Order shall not limit the producing party's preexisting rights to maintain, access, use or disclose such

information or materials apart from this litigation, as permitted by law.

13. <u>Challenging Designations</u>. If a party disagrees with the designation of any particular document as "Private/Sensitive" or "Confidential," the parties shall make a good faith effort to resolve the dispute informally. To that end, after a document is designated as "Private/Sensitive," or "Confidential," a party may contest such designation by written notice to the designating party. Within ten business days of receipt of such notice, the designating party shall provide a written response that either: (a) withdraws the designation or (b) states the basis upon which the designating party justifies the designation of confidentiality. If the parties cannot resolve the dispute between themselves, the party who disagrees with the "Private/Sensitive" or "Confidential" designation may file a motion to have the designation modified or removed. Until such motion is resolved by the Court, all materials designated "Private/Sensitive" or "Confidential" shall be treated as prescribed in this Order.

14. <u>Modification of Order</u>. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order, provided that before such application, the parties shall make a good faith effort to resolve the matter by agreement. The parties reserve all rights to apply to the Court for an order (i) modifying this Order; (ii) seeking further protection against discovery or other use of Protected Information or documents, transcripts, or other materials reflecting Protected Information; or (iii) seeking further production, discovery, disclosure or use of claimed Protected Information and/or documents, transcripts, or other materials reflecting Protected Information.

15. <u>Inadvertent Failure to Designate</u>. Inadvertent failure to designate documents or information as "Private/Sensitive" or "Confidential" at the time of production or disclosure shall not constitute a waiver of any party's right to so designate them later. Once a belated designation has been made, the relevant materials shall be treated in accordance with this Order.

16. **Continuing Jurisdiction of the Court.** Notwithstanding the conclusion of this action, the Order will continue to bind the parties and others subject to it; and the Court will retain jurisdiction to enter any orders necessary to prevent or remedy threatened or actual violations of it.

DATED: July 26, 2010                STEPTOE & JOHNSON LLP

By: _____
    Edward Gregory
    Jennifer Morrow
Attorney for Defendants CalPERS and Stausboll

DATED: July ___, 2010               LEGAL AID SOCIETY –
                                    EMPLOYMENT LAW CENTER

By: _____
    Claudia Center
    Shelley Gregory
Attorneys for Plaintiffs Michael Dragovich, et al.

DATED: July 26, 2010                U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION

By: _____
    Jean Lin
    Senior Counsel
Attorney for Federal Defendants

**ORDER**

It is so ordered.

_____           _____
     DATED                         UNITED STATES DISTRICT JUDGE

7

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

LA-194926 V.2

16. **Continuing Jurisdiction of the Court.** Notwithstanding the conclusion of this action, the Order will continue to bind the parties and others subject to it; and the Court will retain jurisdiction to enter any orders necessary to prevent or remedy threatened or actual violations of it.

DATED: July ___, 2010        STEPTOE & JOHNSON LLP


By: _____
    Edward Gregory
    Jennifer Morrow
Attorney for Defendants CalPERS and Stausboll


DATED: July _29_, 2010       LEGAL AID SOCIETY –
                             EMPLOYMENT LAW CENTER


By:  /s/ Claudia Center
     _____
     Claudia Center
     Shelley Gregory
Attorneys for Plaintiffs Michael Dragovich, et al.


DATED: July ___, 2010        U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION


By: _____
    Jean Lin
    Senior Counsel
Attorney for Federal Defendants


**ORDER**

It is so ordered.


___8/3/2010_____                    _____
     **DATED**                        UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

*PLEASE SEE ATTACHED SERVICE LIST.*

At Los Angeles, California, this 2nd day of July, 2010.

STEPTOE & JOHNSON LLP

By:   /s/ Edward G. Gregory
Edward Gregory
Jennifer Morrow
STEPTOE & JOHNSON LLP
633 W. 5th St., Suite 700
Los Angeles, CA  90071
Tel: (213) 439-9400
Fax: (213) 439-9599

Attorneys for Defendants
Board of Administration of California Public Employees' Retirement System (CalPERS) and Anne Stausboll (Stausboll)

## SERVICE LIST

*Michael Dragovich, et al., v. Board of Administration of California Public Employees' Retirement System (CalPERS) and Anne Stausboll (Stausboll)*
Case No. 4:10-CV-01564-CW

### COUNSEL FOR PLAINTIFF

Claudia Center, Esq.
Shelley A., Gregory, Esq.
Elizabeth Kristen, Esq.
Lori Rifkin, Esq.
LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199
ccenter@las-elc.org
sgregory@las-elc.org
ekristen@las-elc.org
lrifkin@las-elc.org

### COUNSEL FOR THE UNITED STATES DEFENDANTS

Jean Lin
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
202-514-3716
Fax: 202-616-8470
jean.lin@usdoj.gov