Edward Gregory (CSBN 128375)
Jennifer Morrow (CSBN 185964)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California  90071
Telephone: (213) 439-9400
Facsimile:  (213) 439-9599
egregory@steptoe.com
jmorrow@steptoe.com

Attorneys for Defendants Board of Administration of
California Public Employees' Retirement System (CalPERS)
and Anne Stausboll (collectively State Defendants)

JOYCE R. BRENDA
Acting Assistant Attorney General
KATHLEEN R. HARTNETT
Deputy Assistant Attorney General
ARTHUR R. GOLDBERG (DC Bar No. 180661)
Assistant Branch Director
JEAN LIN (NY Bar No. 4074530)
Senior Trial Counsel
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
(202) 514-3716
(202) 616-8470 (Fax)
jean.lin@usdoj.gov

Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (OAKLAND DIVISION)**

| | |
|---|---|
| MICHAEL DRAGOVICH, *et al.*, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,<br><br>            Defendants. | Case No. CV 4:10-01564-CW<br><br>STATE AND FEDERAL DEFENDANTS' JOINT REPLY BRIEF SUPPORTING THEIR CROSS MOTIONS FOR SUMMARY JUDGMENT |

8435399

**SUMMARY OF THIS JOINT REPLY BRIEF**

State and Federal Defendants respectfully submit this joint reply brief in support of (1) State Defendants' motion for partial summary judgment; and (2) Federal Defendants' motion for summary judgment with respect the domestic partners plaintiffs' claims of equal protection and substantive due process violations.

**I.      State Defendants' Reply: California Now Affords All Program Access Permitted by Federal Law, Mooting The Case Against State Defendants.**

Summary judgment is proper as to State Defendants because California law has changed and now grants domestic partners access to CalPERS' Long-Term Care Program (LTCP) except as prohibited by federal law. That change eliminates any grounds for prospective relief ordering State Defendants to follow federal law and moots any domestic partner claim alleging a state violation of federal law.

The California Legislature made a 2013 statutory change that expanded the ranks of those eligible to apply for LTCP coverage to include public employees' domestic partners. The only exception is where that LTCP access is "prohibited by the Internal Revenue Code." *See* California Government Code § 21661(c). Now, even Plaintiffs concede "there is no state law bar to this Court granting domestic partner access to the CalPERS LTCP." (Plaintiffs' Opening Br., p. 14.)

In opposition, Plaintiffs argue this change is not enough to moot their case against State Defendants, for two reasons. First, they assert the statutory change is really no change at all because State Defendants said they would be willing to afford same-sex partners LTCP access beforehand. (Pls' Reply & Opp'n, p. 8.) Plaintiffs are wrong: It is precisely the statutory change that makes a mootness finding proper. Unlike a bare promise to cease a challenged action, a legislative change is generally enough to moot a case against state defendants. *See Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1508, 1510-11 (9th Cir.1994).

Plaintiffs' only other argument is that, despite California's statutory change, their access to the LTCP remains blocked by what they call an "unconstitutional federal bar". (Plfs' Reply & Opp'n, p. 8.) Again, Plaintiffs point to precisely the reason their case against State Defendants is moot: The remaining

State and Federal Defendants' Joint Reply Brief Supporting Their
Cross Motions For Summary Judgment [Docket 186], Case No. CV 4:10-01564-CW

Page 1

bar to what they seek here is entirely federal. If Plaintiffs are to gain access to the LTCP, it is only Federal Defendants who must be enjoined from enforcing federal laws. State Defendants have no authority to enforce federal law. And that moots Plaintiffs' case against them because no injunction directed to State Defendants would affect the relief Plaintiffs seek.

Where an "event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *See American Rivers v. National Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir 1997). This is why injunction claims become moot as to defendants who no longer have the ability to provide the relief plaintiffs seek. *See, e.g., Randolph v. Rodgers*, 253 F.3d 342, 345-346 (8th Cir. 2001) (unlike an official with authority over entire corrections system, injunctive relief was moot as to officials employed at prison where inmate was no longer incarcerated; enjoining them would have no consequence and provide no effective relief). This Court applied the same rule and reached the same conclusion in *Flowers v. Ahern,* 650 F.Supp.2d 988 (N.D. Cal 2009) (injunction claims moot as to officials at jails where transferred inmate no longer housed).

Plaintiffs' request to enjoin State Defendants is also moot because the change to the state's LTCP law makes prospective relief against them improper. The *Ex Parte Young* exception to Eleventh Amendment immunity is narrow and permits federal courts to enjoin state officials only as necessary to prevent a violation of federal law. *See Moore v. Louisiana Bd. of Elementary and Secondary Education,* 743 F.3d 959, 964 (5th Cir. 2014) (state official "cannot be enjoined without some showing [state law] is causing or will cause him to violate federal law and that the prospective relief is necessary to prevent such a violation" [*citing Ex Parte Young*, 209 U.S. 123, 159-60 (1908)]). Hence, no injunction should issue to State Defendants here unless and until Federal Defendants were enjoined from enforcing federal tax law as it now stands. And even if the Court were to do just that—rule in Plaintiffs' favor, issue an injunction to Federal Defendants, and remove the federal bar—enjoining State Defendants would still not fit the *Ex Parte Young* exception. Once the federal impediment was removed, no injunction would be necessary to prevent a federal law violation. Same-sex domestic partners would have LTCP access by operation of state law.

The Court should find the intervening change in state law moots domestic partners' prospective relief claims as to State Defendants, and grant partial summary judgment dismissing those claims.

**II. Federal Defendants' Reply: This Court Should Grant Federal Defendants' Motion for Summary Judgment.**

**A. Plaintiffs' Equal Protection Claim Fails.**

The domestic partner plaintiffs brought this suit in 2010, seeking declarations that Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, and section 7702B(f) of the Internal Revenue Code, 26 U.S.C. § 7702B(f), are unconstitutional on the basis of sexual orientation discrimination. At the time, domestic partners were unable to marry, or have federal recognition of their marriage, in order to obtain eligibility to enroll in CalPERS's long-term care insurance ("LTC") plan. Since then, the Supreme Court has declared Section 3 of DOMA unconstitutional. *See United States v. Windsor*, 133 S. Ct. 2675 (2013). California has also resumed same-sex marriages following the Supreme Court's decision in *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013). Same-sex domestic partner class members, like opposite-sex domestic partners, can now marry in California, have federal recognition of their marriage, and obtain the enrollment eligibility they seek in this case. As Federal Defendants demonstrated in their opening brief (at pp. 18-19), this fundamental change in the legal landscape extinguished the domestic partner plaintiffs' equal protection claim. This is so because even if this Court continues to believe that § 7702B(f) was motivated by a discriminatory motive, § 7702B(f) now operates neutrally toward both same- and opposite-sex couples. And, as ordinary tax legislation, § 7702B(f) is subject to the highly deferential rational basis review, which it readily satisfies. (*See* Dkt. No. 186, pp. 22-26.)

Plaintiffs insist that the change in the legal landscape is largely irrelevant because some class members continue to suffer the discriminatory effect of California's prior lack of marriage equality. Plaintiffs describe two scenarios: first, "not all domestic partners can now marry in California"; and second, class members are now required to "engage in repetitive relationship recognition ceremonies." (Pls.' Reply & Opp'n, p. 11.) As Federal Defendants have previously shown in their opening brief (at pp. 19-22), however, neither scenario constitutes a continuing discriminatory effect of § 7702B(f). Rather, they are the intended or unintended consequences of California's prior lack of marriage equality and its current marriage requirements. There is no basis to declare an Act of Congress unconstitutional -- which is "the gravest and most delicate duty that this Court is called on to perform," *Rust v. Sullivan*,

1   500 U.S. 173, 190-191 (1991) (citation and internal quotation marks omitted) -- simply because a

2   plaintiff is supposedly prevented by, or is otherwise unwilling to comply with, a wholly unrelated *state*

3   *law* in order to enjoy the benefits of the federal law.

4       Moreover, the only two domestic partner plaintiffs in this case are able to marry and intend to

5   marry,[1] and there are no new class representatives who actually face marriage barriers. (*See* Dkt. No.

6   186, p. 21 n.16). Class Counsel argue that they are not proposing a new class and thus "are not required

7   to identify new class representatives." (Pls.' Reply & Opp'n, p. 12.) The argument has no merit

8   because Class Counsel clearly have modified their arguments to account for the return of marriage

9   equality to California and such arguments must be grounded in some plaintiffs' circumstances, not on

10  Class Counsel's hypothesis that some class members in the previously certified class likely fit the

11  description. As this Court previously observed, the class of domestic partners who are unable to marry

12  is "wildly different from the class that we had before," and the Court cannot simply assume that

13  Counsel's hypothesis is true. (*See* Apr. 3 Hearing Tr. at 4, 16, 21). Rule 23(a)(3) also requires that a

14  class can be maintained only if "the claims or defenses of the representative parties are typical of the

15  claims or defenses of the class." "[A] class representative must possess the same interest and suffer the

16  same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011)

17  (quotation marks and citations omitted).

18      Equally without merit is Plaintiffs' argument that § 7702B(f) is unconstitutional because class

19  members are required "to engage in repetitive relationship recognition ceremonies." (Pls.' Reply &

20  Opp'n, p. 11.) Plaintiffs accuse Federal Defendants of misconstruing their argument. As Plaintiffs

21  characterize it, they "do not argue that the need to marry is a discriminatory effect of past

22  discrimination"; rather, the argument is that "[b]ut for the history of sexual orientation discrimination,"

23  the registered domestic partner class members "would not be uniquely required to perfect a subsequent

24  second form of legal relationship recognition." *Id.*

---

[1] Class Counsel have repeatedly disagreed that the two domestic partner plaintiffs' declaration indicated their intention to marry. (*See* Pls.' Reply & Opp'n, p. 12 n.16 and Dkt. No. 164, p. 3 n.1). Yet, they produce no additional declaration to prove the contrary, despite the opportunity to do so.

Assuming there is a difference between those two arguments, Plaintiffs' need to marry now in order to obtain eligibility, despite having previously registered as domestic partners, has no constitutional significance. As Federal Defendants have shown in the opening brief (at p. 20), not only is the cost of a marriage license trivial, but the licensing and the ceremonial requirements are also minimal. Thus, even if the need to obtain a second legal recognition is somehow caused by § 7702B(f) -- which it is not -- it is too minimal to rise to the level of a constitutional problem. *Cf. Zablocki v. Redhail*, 434 U.S. 374 (1978) ("[R]easonable regulations that do not significantly interfere with decision to enter into the marital relationship may legitimately be imposed."). And, to the extent Plaintiffs have suffered an injury in completing a one-page form and paying the $33 fee to register as domestic partners (which registry incidentally does not have any ceremonial requirement), the remedy, if any, is not to declare § 7702B(f) unconstitutional, but rather, to seek legislative solution from the State of California, whose law actually created the disparity.

Plaintiffs also argue "because California law already provides domestic partners with the same rights and responsibilities as marriage, it is discriminatory for the Defendants to fail to recognize these relationships for purposes of 7702B(f)." (Pls' Reply & Opp'n, p. 11.) Federal Defendants have already explained in the opening brief (at pp. 26-28) that Congress is under no constitutional compulsion to treat domestic partnerships synonymously with marriages, particularly when California itself draws a distinction between those two forms of relationships. Plaintiffs cite no law for the proposition that a federal law is discriminatory because it is not tailored to account for the idiosyncrasies of an individual state law. In fact, the proposition is contrary to equal protection principles -- namely that where a law does not classify on the basis of a suspect or quasi-suspect class (here, by distinguishing domestic partnership from marriage), a court is "compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends." *Heller v. Doe*, 509 U.S. 312, 321 (1993). The fundamental principle that under rational-basis review legislative classifications need not be "made with mathematical nicety," *Dandridge v. Williams*, 397 U.S. 471, 485 (1970), but may be "both underinclusive and overinclusive," *Vance v. Bradley*, 440 U.S. 93, 108 (1979), refutes any assertion that § 7702B(f) is unconstitutional because it fails to account for the "substance" of a particular state's law.

State and Federal Defendants' Joint Reply Brief Supporting Their
Cross Motions For Summary Judgment [Docket 186], Case No. CV 4:10-01564-CW

Page 5

Nor can Plaintiffs fault the IRS for adhering to California's designation of marriage.  Plaintiffs argue that Revenue Ruling 2013-17, which implements the Supreme Court's decision in *Windsor*, is unconstitutional and arbitrary because it interprets the term "marriage" to include only those relationships that are deemed by state law as marriages, and not domestic partnerships.  (Pls' Reply & Opp'n, p.14.)  According to Plaintiffs, ordinary tax principles require the IRS to look to the substance not the form of the relationship.  Whatever the scope of those principles is, clear statutory language governs eligibility for favorable tax consequences under § 7702B(f) here.  A taxpayer may deduct the LTC insurance premiums only under certain circumstances, including most importantly, enrollment in a qualified § 7702B plan.  *See C. I. R. v. National Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 148-49 (1974) ("The propriety of a deduction does not turn upon general equitable considerations, such as a demonstration of effective economic and practical equivalence.  Rather, it depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.") (citation and quotation marks omitted).

Moreover, aside from Section 3 of DOMA, the IRS has for decades recognized the marital status of individuals as determined under state law.  (*See* Dkt. No. 186, pp. 27-28).  In fact, Section 3 of DOMA was struck down in part because the Federal Government has deferred to state-law definitions of domestic relations "since the founding of this Nation," and because the definition of marriage is "the foundation of the State's authority to regulate the subject of domestic relations." *Windsor*, 133 S. Ct. 2691.  It makes no sense then for Plaintiffs to argue that the IRS is now constitutionally compelled to ignore the state law designation of "domestic partnership" and treat it as "marriage" instead.  If the domestic partner class members now choose not to marry, then ordinary tax principles actually dictate that they must accept the consequence of that choice.  The Supreme Court has "observed repeatedly that, while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not, and may not enjoy the benefit of some other route he might have chosen to follow but did not." *National Alfalfa Dehydrating & Milling Co.*, 417 U.S. at 148-149.  Of course, the domestic partner class members previously may not have had a choice to marry, but they do now, and can avail themselves of the tax benefits of § 7702B(f) by choosing to marry.

**B.     Plaintiffs' Substantive Due Process Claim Has No Merit.**

In their opening brief (at pp. 28-30), Federal Defendants demonstrated that Plaintiffs' substantive due process claim has no merit because, as this Court previously held, § 7702B(f) imposes no more than an incidental economic burden on Plaintiffs' familial relationship, and Congress is not compelled by substantive due process to give Plaintiffs favorable tax treatment so as to avoid that economic burden. Plaintiffs raise a new argument in response -- one identical to their equal protection argument -- namely, that it is a violation of substantive due process when domestic partner class members are "required to engage in multiple, repetitive relationship recognition ceremonies to access the benefits that heterosexual married couples access as a matter of course." (Pls.' Reply & Opening Br., p. 15). Plaintiffs do not explain why that is so, and in fact, it is not. First, Plaintiffs' argument sounds in equal protection, not substantive due process, because it rests on comparing Plaintiffs' eligibility for the tax benefit with that of another class of persons. Second, Plaintiffs cannot dispute that the specific right they seek to vindicate is the right to access CalPERS's LTC plan and the tax benefits offered under § 7702B(f). The denial of that right is not an infringement on a fundamental right, even if it imposes an economic burden on class members' family unit, because the Due Process Clause generally confers no affirmative right to governmental aid. *DeShaney v. Winnebago Cnty Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). And that is plainly the case when Congress defines the metes and bounds of eligibility for favorable treatment under the tax code. *See Regan v. Taxation with Representation of Wash.*, 461 U.S. 540, 549 (1983). Accordingly, Plaintiffs' substantive due process claim fails.

**CONCLUSION**

California's law has changed to give domestic partners all LTCP access federal law will allow. And both federal and state laws have changed to afford same-sex couples the right to marry and gain

//
//
//
//

access to CalPERS's LTCP that way. State and Federal Defendants ask the Court to grant their motions, dismiss Plaintiffs' domestic partner claims, and enter judgment in their favor. [2,3]

Date: November 6, 2014          Respectfully Submitted,

STEPTOE & JOHNSON LLP

By:    *Edward Gregory*
       Edward Gregory
       Jennifer Morrow
Attorneys for State Defendants

---

[2] Plaintiffs' motion (4), for summary judgment as to domestic partners, should be denied for the same reasons Defendants' cross motions should be granted.

[3] State Defendants reserve the right to respond to the reply supporting Plaintiffs other four motions at the hearing on these matters—including, but not limited to, on these grounds:

- Motion (1), for notice relief, should be denied because Plaintiffs can point to no ongoing violation of federal law that would justify the separate injunction the Supreme Court teaches would have to issue to State Defendants before an accompanying notice relief order could be given. (State and Fed. Defs' Jt. Br. [Dkt 186] at pp. 6-7.) Plaintiffs appear to suggest that not having already given notice amounts to some kind of violation. But Plaintiffs never asked for notice of the Court's earlier rulings.
- Motion (2), for premium discounts, should be denied because individualized damages claims have no place in Rule 23(b)(2) cases like this. (State & Fed. Defs' Jt. Br., pp. 9-10.) Plaintiffs misread *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), when they propose a "stage-two style hearing" to determine the scope of individual relief, as in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 361 (1977). *Dukes* points to *Teamsters* as an example of the additional proceedings a defendant faced with individualized relief claims is entitled to and cannot be deprived of with a trial-by-formula. In other words, individualized relief claims cannot be shoehorned into a Rule 23(b)(2) action. 131 S. Ct. at 2560-61.
- Motion (3), to add a Title VII claim by way of a Rule 15(d) supplemental complaint, should be denied because that claim is based entirely on events before the original complaint was filed— events Plaintiffs have all along challenged as denying their same-sex partners access to CalPERS' LTCP. (State & Fed. Defs Jt. Br., p. 2.) Plaintiffs call their delayed initiation of "the Title VII administrative exhaustion process" a new event, but base that administrative charge on the same old facts. That is not what Rule 15(d) requires. *See Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) (Rule 15(d) applies when proposed pleading relates to events since pleading to be supplemented).
- Motion (5), for discovery of potential class members, should be denied because discovery has not reopened, and should not be used to locate potential representatives for a class that has none. (State & Fed. Defs' Jt. Br., pp. 13-14.) The cases Plaintiffs point to in their opposition concern, not Rule 23(b)(2) class actions like this one, but Rule 23(b)(3) class actions where notice is required to afford class members a chance to opt-out. Even if the Court were to credit the notion that the proposed discovery is intended solely for notice purpose and not aimed at finding new clients, there is no basis for the notice relief order that Plaintiffs' seek in motion (1).

//

                      U.S. DEPARTMENT OF JUSTICE

                      JOYCE R. BRANDA
                      Acting Assistant Attorney General

                      KATHLEEN R. HARTNETT
                      Deputy Assistant Attorney General

                      ARTHUR R. GOLDBERG
                      Assistant Branch Director

                      __/s/ *Jean Lin*_____
                      JEAN LIN
                      Senior Trial Counsel
                      Attorneys for Federal Defendants

State and Federal Defendants' Joint Reply Brief Supporting Their
Cross Motions For Summary Judgment [Docket 186], Case No. CV 4:10-01564-CW

Page 9