IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DRAGOVICH, et al., on behalf of themselves and all others similarly situated,

   Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF THE TREASURY, et al.,

   Defendants.

_____/

No. C 10-01564 CW

ORDER DENYING PLAINTIFFS' MOTIONS (1) FOR CLASS NOTICE; (2) FOR ADDITIONAL REMEDIES; (3) FOR LEAVE TO SUPPLEMENT THE COMPLAINT; (4) FOR SUMMARY ADJUDICATION; AND (5) TO COMPEL DISCOVERY, AND GRANTING FEDERAL AND STATE DEFENDANTS' CROSS-MOTIONS FOR SUMMARY JUDGMENT

(Docket No. 185)

   Currently before the Court are Plaintiffs' motions (1) for class notice; (2) for additional remedies; (3) for leave to supplement the complaint; (4) for summary adjudication; and (5) to compel limited discovery from State Defendants. State Defendants and Federal Defendants oppose the motions. In addition, State Defendants cross-move for partial summary judgment as to the two 42 U.S.C. § 1983 claims against them and Federal Defendants cross-move for summary judgment regarding Plaintiffs' substantive due process and equal protection claims brought on behalf of the domestic-partner class members. Having considered the parties' papers and oral argument on the matter, the Court DENIES Plaintiffs' motions and GRANTS Defendants' cross-motions. Docket No. 185.

United States District Court
For the Northern District of California

BACKGROUND

The Court's prior orders outline the relevant factual and statutory background at length.  This order provides only a brief summary of the background relevant to the resolution of the instant motions.

I.   Long-term Care Insurance and the Challenged Provisions

Plaintiffs are California public employees and their same-sex spouses and registered domestic partners, who are in long-term committed relationships recognized and protected under California law.  As explained in this Court's previous orders, CalPERS provides retirement and health benefits, including long-term care insurance, to many of the state's public employees and retirees and their families.  Long-term care insurance provides coverage when a person needs assistance with basic activities of living due to injury, old age, or severe impairments related to chronic illnesses, such as Alzheimer's disease.

In 1996, Congress passed the Defense of Marriage Act (DOMA), which, among other things, defined the terms "spouse" and "marriage" for federal law purposes in a manner limiting them to heterosexual couples.  As amended by § 3 of the DOMA, the United States Code provides,

> In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.

1 U.S.C. § 7.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Title 26 U.S.C. § 7702B(f) was also enacted in 1996, as part of the Health Insurance Portability and Accountability Act (HIPAA), providing favorable federal tax treatment to participants in qualified state-maintained long-term care insurance plans for state employees.  26 U.S.C. § 7702B(f).  Currently, the CalPERS long-term care insurance program is a qualified state-maintained plan pursuant to § 7702B(f).

Section 7702B(f)(2) disqualifies a state-maintained plan from favorable tax treatment if it provides coverage to individuals other than those specified under its subparagraph (C).  The list of eligible individuals in § 7702B(f)(2)(C) includes state employees and former employees, their spouses, and individuals bearing a relationship to the employees or spouses which is described in subparagraphs (A) through (G) of 26 U.S.C. § 152(d)(2).  Id.

Section 152(d)(2), the part of the tax code from which subparagraph (C) draws its list of eligible relatives, defines the relatives for whom a taxpayer may claim a dependent exemption.  See 26 U.S.C. §§ 151-52.  Section 152(d)(2), subparagraphs (A) through (H), identifies the following individuals as "qualifying relatives" for the dependent exemption:

    (A)   A child or a descendant of a child.

    (B)   A brother, sister, stepbrother, or stepsister.

    (C)   The father or mother, or an ancestor of either.

    (D)   A stepfather or stepmother.

    (E)   A son or daughter of a brother or sister of the taxpayer.

(F)   A brother or sister of the father or mother of the taxpayer.

(G)   A son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law.

(H)   An individual . . . who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household.

26 U.S.C. § 152(d)(2).

When it chose to incorporate subparagraphs (A) through (G), Congress specifically chose not to carry over subparagraph (H) to subparagraph (C) of § 7702B(f)(2).  Had Congress not chosen to exclude subparagraph (H) from subparagraph (C) of § 7702B(f)(2), registered domestic partners of California public employees would have qualified as individuals eligible to enroll in the CalPERS long-term care plan.

In addition to providing favorable tax treatment to state-maintained long-term care plans, Congress approved such treatment for long-term care coverage purchased through the private market. 26 U.S.C. § 7702B(a)-(b).

II.   Procedural History

In May 2012, this Court issued an order granting Plaintiffs' motion for summary judgment on all claims, denying the Bipartisan Legal Advisory Group's (BLAG) cross-motion for summary judgment on all claims, and denying Federal Defendants cross-motion for summary judgment on the domestic-partner Plaintiffs' claims. Docket No. 124, May 24, 2012 Order.  BLAG and Federal Defendants each timely appealed that order and the Ninth Circuit consolidated their appeals in September 2012.

**United States District Court**
For the Northern District of California

In July 2013, shortly after the Supreme Court issued its decisions in United States v. Windsor, 133 S. Ct. 2675 (2013), and Hollingsworth v. Perry, 133 S. Ct. 2652 (2013), the Ninth Circuit dismissed BLAG's appeal.  See Docket No. 146.  Three months later, in October 2013, the Ninth Circuit issued a separate decision in Federal Defendants' appeal, USCA Case No. 12-16628, granting appellants' unopposed motion to vacate the portion of this Court's summary judgment order addressing the claims of domestic-partner Plaintiffs and remanding for further proceedings in light of Perry and Windsor.  See Docket No. 147.

In 2013, the California Legislature enacted the Public Employees' Long-Term Care Act, which amended California law to permit the enrollment of members "and their spouses, domestic partners, parents, siblings, adult children, and spouses' parents," "[e]xcept as prohibited by the Internal Revenue Code, including but not limited to, Section 7702B(f)(2) . . .., or any other authority that governs eligibility for a federally qualified state long-term care plan."  Cal. Gov't Code § 21661(e).

DISCUSSION

I.  Motion to Compel

Plaintiffs seek to compel production of documents that would provide them with the names and contact information of registered domestic partners who, if married, would be eligible for the CalPERS Long-Term Care Program (LTCP).  Plaintiffs assert that they will use this information to contact domestic-partner class members to seek additional information regarding barriers to marriage they may be experiencing.  For example, Plaintiffs hypothesize that there may be retired class members who moved to

5

states that don't recognize same-sex marriages and who are now unable to travel to get married or that there may be class members who have become disabled or whose domestic partners have become disabled so that they cannot legally consent to marriage.

State Defendants argue that such discovery is improper because discovery is not currently open and the purpose of the discovery is to locate new class representatives.  The Court need not reach State Defendants' arguments.  Having considered Plaintiffs' request, the Court finds that the unlikely potential benefit of the proposed discovery does not outweigh the burden associated with the discovery, particularly in light of the CalPERS' members' privacy rights that would be implicated by a mass mailing to all domestic-partner members.

II. Plaintiffs' Motion to Supplement the Complaint

Rule 15(d) of the Federal Rules of Civil Procedure provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "Under the Rule, allowance or denial of leave to file a supplemental pleading is addressed to the sound discretion of the District Court."  United States v. Reiten, 313 F.2d 673, 675 (9th Cir. 1963).

Plaintiffs seek leave pursuant to Rule 15(d) to file a supplemental complaint to add claims for relief for violations of Title VII against the State of California and the Regents of the

University of California.[1]  Plaintiffs' proposed supplemental
complaint indicates that they have filed a class charge with the
Equal Employment Opportunity Commission alleging a Title VII
violation.  Docket No. 185, Kristen Dec., Ex. D ¶ 92.  The Title
VII claim, filed by class representative Michael Dragovich, seeks,
"Placement of [Dragovich's] spouse in the Long Term Care Program
with recognition that there should be some accommodations for the
possible increased costs caused by the inability to enroll my
spouse immediately after our nuptials."  Docket No. 188, Kristen
Dec., Ex. F.  The claim further seeks, "Accommodation for the
delay in being able to have my spouse join the CalPERS Long Term
Care Program so that any new premium will be at a reasonable cost
based on the previous unlawful exclusion."  Id.  The claim is
filed "as a class based charge on behalf of [Dragovich] and other
state employees whose same-sex spouses and same-sex domestic
partners have been denied enrollment."  Id.

However, judgment has already entered as to the same-sex
spouse class members.  BLAG appealed that ruling, but the appeal
was dismissed following Windsor and Perry.  Accordingly, that

_____

    [1] Plaintiffs state that this request is "[p]ursuant to their
understanding of the Court's July 29, 2014 Order," which directed
the parties to brief the issues in their case management
statement, including Plaintiffs' request for leave to file an
amended complaint.  Docket No. 185 at 12.  However, the Court's
reason for entertaining a motion for leave to amend the complaint
was to allow Plaintiffs to seek leave to amend to include
allegations regarding ongoing harm to impacted domestic-partner
class members and to add representative class members suffering
such harm.  Plaintiffs did not include any such allegations or
class representatives in their proposed supplemental complaint
and, as discussed above, it does not appear likely that they will
find evidence of such harm through reasonable discovery.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1 | judgment is now final.  The Court expresses no opinion regarding
2 | whether Plaintiffs' proposed Title VII claim could be filed as a
3 | new complaint and whether it would be appropriate for class
4 | treatment.  To the extent that Plaintiffs seek to supplement the
5 | complaint on behalf of same-sex domestic partners, the Court finds
6 | that any entitlement to discounted premiums would require multiple
7 | individualized inquiries, such as the age at which the class
8 | members would have sought coverage, the level of coverage they
9 | would have sought and whether they would have maintained the same
10 | level of coverage over time, that are not appropriate in this
11 | class action.  Moreover, administration of discounted premiums
12 | would require complicated individualized calculations of back
13 | premiums owed and the oversight of the payment of such back
14 | premiums.

15 | Accordingly, the Court declines to exercise its discretion to
16 | allow Plaintiffs to supplement their complaint.

17 | III. Cross-Motions for Summary Judgment

18 | Summary judgment is properly granted when no genuine and
19 | disputed issues of material fact remain, and when, viewing the
20 | evidence most favorably to the non-moving party, the movant is
21 | clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.
22 | 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);
23 | Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.
24 | 1987).

25 | The moving party bears the burden of showing that there is no
26 | material factual dispute.  The court must draw all reasonable
27 | inferences in favor of the party against whom summary judgment is
28 | sought.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

> A.   Claims against Federal Defendants

>> 1.   Equal Protection Claim

In their cross-motion for summary judgment, Federal Defendants argue that, following the Supreme Court's decisions in Windsor and Perry, the Court should enter judgment in their favor because § 7702B(f) "no longer discriminates on the basis of sexual orientation."  Docket No. 186 at 16.  In other words, because same-sex couples can now get married in California and the federal government is no longer enforcing the DOMA, any couple may get married and then apply for LTCP coverage.  Federal Defendants continue that § 7702B(f) no longer creates a discriminatory impact because, now that same-sex couples can choose to marry in California, the exclusion of registered domestic partners from § 7702B(f) impacts same-sex and heterosexual couples equally.  See De La Cruz v. Tormey, 582 F.2d 45, 50 (9th Cir. 1978) (where there is no facial discrimination in statute, plaintiffs "are required to prove two essential elements . . . discriminatory effect and invidious discriminatory intent or purpose.").

Plaintiffs argue that Defendants' position "ignores the legal history of discrimination in relationship recognition and its present effects, which have shaped the lives and choices of the California gay and lesbian couples who comprise the certified

9

class." Docket No. 185 at 15. Plaintiffs do not dispute that an ongoing discriminatory impact is required, but argue that the continued exclusion of registered domestic partners from § 7702B(f) imposes unnecessary harms and continuing discriminatory effects on the basis of sexual orientation. Plaintiffs argue that potential barriers to marriage "result from the history of unconstitutional discrimination." Docket No. 185 at 18. In light of these possible ongoing harms, Plaintiffs argue that the Court should reaffirm its previous finding that the exclusion of registered domestic partners from § 7702B(f) is an unconstitutional classification based on sexual orientation.

Plaintiffs contend that § 7702B(f) has a disparate impact on same-sex couples because a greater percentage of domestic partners are same-sex couples. However, Plaintiffs do not provide any evidence to support a finding that this continues to be true in California following <u>Perry</u> and the fact remains that virtually all of the domestic-partner class members could marry.

Plaintiffs further argue that "[b]ut for the history of sexual orientation discrimination," domestic-partner class members "would not be uniquely required by Federal Defendants to perfect a subsequent second form of legal relationship recommendation," incurring the cost of a marriage license and the burden of a ceremony performed by a lawful officiant. Docket No. 188 at 11. In other words, although heterosexual and same-sex registered domestic partners may get married, only same-sex registered domestic partners were previously forced to choose to become domestic partners, without the option to marry in the first instance. The Court notes that the Plaintiffs make no such

10

United States District Court
For the Northern District of California

allegations in their complaint or their proposed supplemental complaint. Further, it remains that same-sex registered domestic partners now have the opportunity to marry on the same terms as heterosexual registered domestic partners. Moreover, as Federal Defendants note, the barriers applicable to all class members, such as marriage license fees and participation in a marriage ceremony, are minimal and apply equally to heterosexual registered domestic partners who wish to get married.

Finally, Plaintiffs argue that there may be registered domestic partners in the class who face barriers to marriage. Among the barriers that Plaintiffs identify are that some couples may have moved to states that do not allow same-sex marriage and may not be able to travel to a state that does; some couples may not be able to consent to marry due to failing capacity of one partner; and some couples may have difficulty appearing in person to obtain a marriage license as required by California law. Such speculative individualized claims cannot be resolved in this class action.[2] Further, Plaintiffs do not include any allegations regarding these potential barriers to marriage in their proposed amended complaint. See Docket No. 185, Kristen Decl., Ex. D.

---

[2] Plaintiffs also argue that the State of California treats registered domestic partners as though they are married for various benefits and some states, but not California, have automatically "converted" or "merged" domestic partnerships into marriages. The federal government treats these converted or merged relationships as marriages. Plaintiffs assert that these distinctions impermissibly elevate form over substance. However, no such harm is alleged in the complaint or in the proposed supplemental complaint.

**United States District Court**
For the Northern District of California

1    Accordingly, the Court finds that Plaintiffs have failed to

2  provide evidence of an ongoing discriminatory impact sufficient to

3  support an equal protection violation.  The Court DENIES

4  Plaintiffs' motion for summary judgment on their equal protection

5  claim and GRANTS Federal Defendants' cross-motion for summary

6  judgment on that claim.

7          2.    Substantive Due Process Claim

8    Plaintiffs also assert a substantive due process claim,

9  arguing that by excluding registered domestic partners from the

10  list of family members eligible to participate in tax-advantaged

11  state-provided long-term care plans, the government "selectively

12  burdens and penalizes the Plaintiffs' exercise of their right to

13  family autonomy and decision-making, on the basis of sexual

14  orientation, and in doing so demeans their lives and intimate

15  decisions."  Docket No. 185 at 24.  Plaintiffs argue that Federal

16  Defendants prevent same-sex registered domestic partners "from

17  participating in a critical government-sponsored tool for

18  decisions regarding life and family planning" and therefore

19  "impose[] a selective burden on the family relationships of same-

20  sex couples without an adequate justification."  Id. at 25.

21  However, as discussed above with respect to Plaintiffs' equal

22  protection claim, the Court finds that Plaintiffs have not

23  presented any evidence of such a continuing "selective burden" on

24  same-sex registered domestic partners.  Following Perry, same-sex

25  registered domestic partners can choose to marry, just as

26  heterosexual registered domestic partners can.  Accordingly, the

27  Court denies Plaintiffs' motion for summary adjudication and

28

                                12

1  grants Federal Defendants' cross-motion for summary judgment with
2  respect to Plaintiffs' substantive due process claim.

3      B.   Claims against State Defendants

4      Plaintiffs assert two claims pursuant to 42 U.S.C. § 1983
5  against State Defendants, based on State Defendants "denying
6  Plaintiffs the right to enroll in the CalPERS Long-Term Care
7  Program, and [] conforming the plan to [] unconstitutional federal
8  standards." Docket No. 66 ¶¶ 95, 100. As discussed above, the
9  Court finds that, following Windsor and Perry, the federal
10  standards no longer violate the Constitution. Accordingly, the
11  Court denies Plaintiffs' motion for summary adjudication as to the
12  State Defendants and grants State Defendants' cross-motion for
13  summary judgment.

14  IV. Plaintiffs' Motion for Class Notice

15      Plaintiffs move for class notice, arguing that class members
16  should be advised that same-sex spouses of CalPERS members may
17  apply for LTCP, and same-sex registered domestic partners of
18  CalPERS members may not apply. Plaintiffs argue that such notice
19  "will permit class members the opportunity to, inter alia,
20  intervene in the action, submit comments, and contact class
21  counsel." Docket No. 185 at 6-7. Further, Plaintiffs argue that
22  CalPERS should bear the burden of providing the notice they
23  request.

24      "The trial court may in its discretion in a class action
25  certified under Rule 23(b)(2) direct that notice be given under
26  Rule 23(d)." EEOC v. General Tel. Co. of Northwest, 599 F.2d 322,
27  334 (9th Cir. 1979); see also Fed. R. Civ. P. 23(c)(2)(A) ("For
28  any class certified under Rule 23(b)(1) or (b)(2), the court may

**United States District Court**
For the Northern District of California

direct notice to the class."). Plaintiffs assert that the Court should exercise its discretion to require notice to the class, citing cases in which trial courts have required notice because "the issues of potential relief involved are important to class members and the Court desires to have the maximum input from the class." Am. Counsel of the Blind v. Astrue, 2008 WL 4279674, *7 (N.D. Cal.).

However, that case is distinguishable from the instant case. In Counsel of the Blind, the parties sought "to compel the Social Security Administration to provide alternative formats of communication that would enable the putative class [of individuals with vision impairment] to have equal access to participate in SSA programs." Id. at *1. The court specifically noted that "class members could be given notice and a choice of what type of accommodation they would prefer." Id. at *3. There, it made sense to seek input from class members regarding the types of alternative formats that would best address their needs. In contrast, Plaintiffs here do not need the input of class members with respect to the remedy sought. There are no fact-based remedies, such as disability accommodations, that require feedback from class members.

State Defendants further argue that the type of "notice relief" that Plaintiffs seek is barred by the Eleventh Amendment because there is no ongoing violation of federal law. In Green v. Mansour, the Supreme Court held that plaintiffs in a putative class action seeking changes to public assistance calculations were not entitled to "notice relief" or a declaration that the state practice the plaintiffs sought to change violated federal

United States District Court
For the Northern District of California

1  law when Congress changed the federal law to clarify federal
2  requirements and the state amended its practices in response.  474
3  U.S. 64, 65-66 (1985).  Plaintiffs argue that <u>Green</u> is
4  distinguishable because "Defendants here have not established that
5  they are in compliance with the Constitution."  Docket No. 188 at
6  1.

7      To the extent that Plaintiffs seek notice to CalPERS members
8  with same-sex spouses, the Court notes that this relief was not
9  sought prior to the entry of judgment.  BLAG appealed that ruling,
10 but the appeal was dismissed following <u>Windsor</u> and <u>Perry</u>, and that
11 judgment is now final.  There is no ongoing constitutional
12 violation and <u>Green</u> controls.  The Court has now found that there
13 is no ongoing constitutional violation with respect to same-sex
14 registered domestic partners.  Therefore, <u>Green</u> also precludes
15 notice to domestic-partner class members.  Accordingly, the Court
16 denies Plaintiffs' motion for class notice.

17 V.   Plaintiffs' Motion for Additional Remedies

18     Finally, Plaintiffs argue that the Court should exercise "its
19 equitable powers to provide full relief to class members by
20 placing them in the position they would have occupied absent the
21 discriminatory conduct."  Docket No. 185 at 10.  Specifically,
22 Plaintiffs argue that "class members should be permitted to
23 purchase CalPERS LTCP insurance for the premiums they would have
24 paid in the year they originally sought to enroll their same-sex
25 partner."  <u>Id.</u>

26     A.   Same-Sex Spouses

27     As previously noted, the Court already ruled in favor of
28 same-sex spouse class members and judgment entered.  The remedy

15

United States District Court
For the Northern District of California

1  Plaintiffs now seek was not sought at that time and the appeal of

2  the judgment as to same-sex spouses was dismissed.  The Court

3  finds no basis on which it may revisit its earlier judgment, which

4  is now final.

5  B.   Registered Domestic Partner Plaintiffs

6      State Defendants also argue that any claim for discounted

7  premiums is prohibited by the Eleventh Amendment because there is

8  no ongoing federal violation to justify prospective relief.

9  Plaintiffs do not dispute that an ongoing violation is required

10  for the Court to order prospective relief.  See Ex parte Young,

11  209 U.S. 123, 156 (1908).  The Court has now found that there is

12  no ongoing constitutional violation with respect to domestic-

13  partner class members and grants State and Federal Defendants'

14  cross-motions for summary judgment.  As discussed above, providing

15  the requested discounts would require multiple individualized

16  inquiries including the age at which the class members would have

17  sought coverage, the level of coverage they would have sought and

18  whether they would have maintained the same level of coverage over

19  time.  Moreover, the requested relief would require complicated

20  individualized calculations of back premiums owed and oversight of

21  the payment of those back premiums.

22      Because there is no ongoing constitutional violation to

23  justify the grant of injunctive relief and because the relief

24  sought would require individualized inquiries, the Court denies

25  Plaintiffs' motion for additional remedies as to same-sex domestic

26  partners.

27

28

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs'
motions (1) for class notice; (2) for additional remedies; (3) for
leave to supplement the complaint; (4) for summary adjudication;
and (5) to compel limited discovery from State Defendants.  The
Court GRANTS Defendants' cross-motions for summary judgment.  An
Amended Judgment will enter separately.

IT IS SO ORDERED.


Dated:  December 4, 2014
CLAUDIA WILKEN
United States District Judge